IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FLUOR FEDERAL SOLUTIONS, LLC, <br><br> *Plaintiff/Counter-Defendant*, <br> v. <br><br> BAE SYSTEMS ORDNANCE SYSTEMS, INC., <br><br> *Defendant/Counter-Plaintiff.* | Case No. 7:19-cv-698-EKD |

**BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION TO FLUOR'S MOTION FOR SANCTIONS AND REQUEST FOR ATTORNEY'S FEES**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1
II. FACTUAL & LEGAL BACKGROUND................................................................................4
III. LAW AND ARGUMENT..................................................................................................7
    A. BAE OSI Complied with Rule 26 and Court Orders; Thus, Sanctions Cannot be Awarded Under Rule 37(c)(1) or Rule 16(f). .......................................................7
    B. Sanctions are Not Appropriate in Any Event. ....................................................9
        (1) Fluor Relies on Inapposite Authorities.................................................9
        (2) Even if the Court Could be Called Upon to Consider Exceptions to Rule 37(c)(1)—and it Cannot—it is Plain the Vendor Error was Harmless and Any Delay in Disclosure was Substantially Justified. .......................10
IV. CONCLUSION ............................................................................................................14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Boyd v. Equifax Info. Servs., LLC*, No. 3:12cv830, 2013 WL 2896859 (E.D. Va. June 12, 2013) ........ 2, 7

*Digital Vending Servs. Int'l, Inc. v. Univ. of Phoenix, Inc.*, No. 2:09-cv-555, 2013 WL 5533233 (E.D. Va. 2013) ................................................................................................................................. 10

*Exby-Stolley v. Bd. of Cnty. Comm'rs*, No. 13-cv-0139, 2016 WL 9735146 (D. Colo. 2016) ..................... 10

*In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335 (N.D. Ga. 2012) ......................... 10

*Roncales v. Cnty. of Henrico*, No. 3:19-cv-234, 2021 WL 1738878 (E.D. Va. May 3, 2021) ....................... 11

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003) ................................ 11

*Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766 (E.D. Va. 2017) ............................................................... 9

**Statutes**

Fed. R. Civ. P. 16(f) ............................................................................................................................. 7, 8

Fed. R. Civ. P. 26(a) ................................................................................................................................. 4

Fed. R. Civ. P. 26(e) ............................................................................................................................. 1, 2

Fed. R. Civ. P. 26(e)(1)(A) ....................................................................................................................... 2

Fed. R. Civ. P. 26(e)(1)(B) ....................................................................................................................... 2

Fed. R. Civ. P. 37(c)(1) ..................................................................................................................... passim

# TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | BAE OSI's Response to Fluor's 1st Request Production |
| B | Letter from BAE OSI's Counsel to Fluor's Counsel (Dated June 27, 2022) |
| C | 2nd Deposition of Kelly Bate excerpt |

BAE Systems Ordnance Systems, Inc. ("BAE OSI"), by counsel, hereby files its Memorandum in Opposition to the Motion for Sanctions and Request for Attorney's Fees ("Motion") filed by Fluor Federal Solutions, LLC ("Fluor").  In opposition thereto, BAE OSI states as follows:

## I. INTRODUCTION

Fluor's Motion has no basis in law or fact and should be denied.  As an initial matter, no production by BAE OSI—whether based on the vendor error or otherwise—was untimely under Rule 26 or beyond any deadline imposed by the Court, in contravention of either Rule 26(e)(1)(B) or 16(f).  This alone is dispositive of Fluor's Motion.  Further, in accordance with Rule 26(e), BAE OSI timely disclosed the vendor error in its discovery responses to Fluor three days after the error was discovered, and BAE OSI indisputably and timely complied, fully and completely, with this Court's July 14, 2022 Order to ensure prompt resolution of the vendor issue.  Order, July 14, 2022, ECF No. 98.  These facts likewise dispose of Fluor's Motion.

Fluor premises its Motion on a purported failure to timely supplement responses to Fluor's Requests for Production of Documents under Rule 26(e) and seeks sanctions pursuant to Rule 37(c)(1).  Fluor Mem. Supp. Mot. Sanctions ("Fluor Mem.") at 10, ECF No. 107 (quoting Fed. R. Civ. P. 26(e), 37(c)(1)[1]).  "Obviously th[e] sanction[s] [under Rule 37(c)(1)] cannot be imposed unless

---

[1] Rule 37(c)(1), provides, in pertinent part:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness *as required by Rule 26(a) or (e)*, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>> (B) may inform the jury of the party's failure; and
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(A)–(C) (emphasis added).

1

the party is shown to have violated either Rule 26(a) or (e)." *Boyd v. Equifax Info. Servs., LLC*, No. 3:12cv830, 2013 WL 2896859, at *2 (E.D. Va. June 12, 2013).

Fluor, however, has not and cannot show any such violation. Rule 26(e), provides, in pertinent part:

> (1) **Supplementing Disclosures and Responses**. A party who has made a disclosure under Rule 26(a)—or who has responded to an *interrogatory, request for production, or request for admission*—must supplement or correct its disclosure or *response*:
>
> (A) in a timely manner *if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and* if the additional or corrective information *has not otherwise been made known to the other parties during the discovery process or in writing*; **or**
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1)(A)–(B) (emphasis added). BAE OSI has satisfied not just one, but both of these alternative requirements under Rule 26(e)(1)(A) **or** 26(e)(1)(B). Thus, it is "[o]bvious[] that sanction[s] [under Rule 37(c)(1)] cannot be imposed" because BAE OSI has not and cannot be "shown to have violated either Rule 26(a) or (e)." *See Boyd*, 2013 WL 2896859 at *2.

Notably, Fluor does not take issue with any of BAE OSI's written responses to its Request for Production of Documents, nor could it. In fact, BAE OSI's written responses to Requests for Production generally responded with the following: "Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) [(the "ESI Protocol")]." Ex. A, BAE OSI's Resps. to Fluor's 1st Req. Produc.

BAE OSI first discovered the error on June 13, 2022, more than three months prior to the close of discovery. The error was in the searching and de-duplication logic created by BAE OSI's e-discovery vendor. This error inadvertently and incorrectly failed to promote certain documents to the attorney review environment for this matter. Decl. of Jeff Golimowski ("Golimowski Decl."), ¶¶ 25–

2

27; Fluor Mem. ex. 3 at 5, ECF No. 107-3; *see also* Am. Sched. Order, June 14, 2022, ECF No. 94 (setting the Parties' fact discovery deadline for September 16, 2022). Significantly, BAE OSI immediately disclosed the vendor error to Fluor in an interrogatory response within three days of BAE OSI's discovery of it. Golimowski Decl. ¶ 26; Fluor Mem. ex. 3, ECF No. 107-3. BAE OSI thereafter expounded upon its discovery of the vendor's error in a letter to Fluor, with a copy to Judge Ballou, on June 23, 2022. *See* Fluor Mem. ex. 4 at 1, ECF No. 107-4. BAE OSI correctly reiterated in its letter that "no documents were destroyed by the error," and BAE OSI did not anticipate any impact to the trial schedule. *Id.* BAE OSI further reiterated that it had every intention of "minimiz[ing] any impact on Fluor" and stated that "[BAE OSI] plans to produce documents [affected by the recently discovered error] on a rolling basis starting next week[, and it was] working diligently and making every effort to produce all documents by approximately August 15, 2022." *Id.* Following discovery of the error, no depositions were taken by Fluor prior to a full production of each deponent's custodial documents affected by the error, and more than 20 depositions were taken by the parties after the error was completely cured.

Following hearings with the Court to discuss and resolve the issue, and in light of the fact that no deadlines other than the September 16, 2022 fact discovery deadline were in place, *see* Am. Sched. Order, June 14, 2022, ECF No. 94, the Parties and the Court agreed to set a production schedule, and the Court set the production schedule outlined in the Court's July 14, 2022 Order, ECF No. 98. There is no dispute that BAE OSI fully and completely complied with those deadlines, and Fluor never requested or suggested that the Court alter any deadlines as a result of the error nor accused BAE OSI of failing to meet said deadlines.

Despite BAE OSI's clear compliance with both alternative prongs of Rule 26(e)(1)—timely notice and compliance with court orders—Fluor nonetheless contends, without support, that BAE OSI's response to Fluor's request for production of documents was not timely supplemented in

accordance with Rule 26(e) and can give rise to potential sanctions under Rule 37(c)(1). Fluor bases this argument on the bald assertion that "no dispute exists that BAE's document production was significantly . . . untimely." Fluor Mem. 4, ECF No. 107. Fluor's contention, however, does not substitute for analysis of law and fact to establish a violation of Rule 26(a) or (e)—a prerequisite to even considering sanctions under Rule 37(c)(1).

After assuming that BAE OSI violated Rule 26(e)—although it did not—Fluor then relies on inapposite authorities involving parties that actually violated their duty to supplement under Rule 26(e) and (i) failed to comply with a Court Order compelling production under Rule 37; (ii) caused spoliation of evidence; and/or (iii) made disclosures beyond the close of discovery to argue that BAE should be sanctioned under Rule 37(c)(1).

BAE OSI of course did not fail to comply with a Court Order compelling production, BAE OSI did not spoliate evidence, and BAE OSI did not make any disclosure beyond the close of fact discovery. Even if this Court were to analyze potential sanctions under Rule 37(c)(1), it is plain that: (i) the error was inadvertent and the result of a good-faith mistake in deduplication by BAE OSI's e-discovery vendor, (ii) it did not cause undue surprise to Fluor, (iii) it was cured well in advance of the discovery deadline and prior to the parties taking more than 20 depositions, and (iv) it did not disrupt the discovery, dispositive motions, or trial deadlines.

Accordingly, Fluor's Motion should be denied.

## II.  **<u>FACTUAL & LEGAL BACKGROUND</u>**

As is often the case in complex, document-intensive litigation, both parties produced substantial documents later than they might have otherwise planned and hoped. This resulted in both parties having to re-depose witnesses due to later-produced documents from the other, and was largely a consequence of both parties attempting to adhere to an overly ambitious initial schedule that, wholly independent of BAE OSI's later-discovered vendor error, left both parties with 19 witnesses that

4

needed to be deposed for the first time, and multiple witnesses that needed to be re-deposed, all within the span of approximately two-weeks. It was therefore evident—weeks prior to BAE OSI discovering the vendor error—that the schedule was impossible to maintain. *See, e.g.*, BAE OSI Mem. Supp. Mot. Am. Sched. Order, ECF No. 84; BAE OSI Reply Supp. BAE OSI's Mot. Am. Sched. Order, ECF No. 89. Indeed, Fluor conceded during the hearing on the Motion to Amend the Scheduling Order that at least 19 first-time depositions remained to be taken, that certain of its own deponents would need to be re-deposed based on Fluor's own later-produced documents, and that Fluor had not completed its production of documents at the time of the hearing, a mere thirteen (13) days prior to the close of discovery.[2]

In fact, after BAE OSI deposed Fluor witnesses Casey Hiatt, James Stan, Andrea Sickler, and Ben Cunningham in May of 2022, Fluor thereafter produced 7,544 documents, including thousands of documents for witnesses already deposed, and, on June 27, 2022, Fluor produced an additional 17,200 documents, also including thousands of additional documents for witnesses BAE OSI had already deposed. Accordingly, BAE OSI had to re-depose Fluor witnesses, including Andrea Sickler (deposed May 11, 2022, re-deposed August 19, 2022) and Ben Cunningham (deposed May 23, 2022, re-deposed September 13, 2022) following Fluor's post-deposition production of nearly 25,000 documents. BAE OSI would have had to re-depose another Fluor witness, Michael Sipple, except that, at Fluor's suggestion, BAE OSI postponed the scheduled deposition in May 2022 because Fluor represented that additional documents from Mike Sipple had not yet been produced. *See, e.g.*, Ex. B, Letter from BAE OSI's Counsel to Fluor's Counsel, at 2 (June 27, 2022) (also outlining numerous Fluor deficiencies as of June 27, 2022, and further expounding on the vendor error).

---

[2] At the time, Fluor argued vehemently that it was ready to proceed to trial and that, even though its own document production was not complete, discovery had not yet closed, so BAE OSI would not be prejudiced by such a production.

Following a hearing on June 3, 2022, the Court found "good cause" to amend the Scheduling Order. *See* Order Granting Mot. Am. Sched. Order, June 3, 2022, ECF No. 91. Despite Fluor's veiled implications to the contrary, *see* Fluor Mem. 5, ECF No. 107, the Motion to Amend the Scheduling Order had absolutely no connection to the later-discovered vendor error, and the undersigned counsel unequivocally certify and attest that they had no knowledge of the later-discovered vendor error when moving for and arguing in support of the Motion to Amend. Further, it is plain that the schedule had to be extended even before the vendor error was discovered, and the vendor error was not the cause nor ground, in whole or in part, for the Motion to Amended the Scheduling Order.

In fact, BAE OSI did not discover the error in its vendor's searching and de-duplication logic until June 13, 2022. *Id.* Significantly, document discovery between the parties was ongoing as of the date of the discovery of the vendor error, and long after. As noted above, after discovery and disclosure of the vendor error, Fluor produced an additional 17,200 documents on June 27, 2022. Moreover, Fluor continued to produce additional responsive documents up to and including the fact discovery deadline on September 16, 2022. Fluor, for example, made its 10th production on August 19, its 11th production on August 26, and made four additional productions of documents it received from the Army on July 29, August 17, September 9, and September 16, the fact discovery deadline.[3]

---

[3] Further, Fluor experienced its own inadvertent mistakes and errors that delayed and affected its own document productions—as is often the case in complex, document intensive litigation. For example, Fluor readily admitted that it "inadvertently failed to collect certain documents maintained by Misty Day and Mike Sipple," two critical witnesses. Fluor Mem. ex. 1 at 1, ECF No. 107-1. Fluor further admitted that it failed to preserve *any* records, and such records no longer exist, for two of the 12 custodians identified by BAE OSI for Fluor to search, including one of Fluor's named "hub" custodians, Bryan Vowell. Unlike BAE OSI, who promptly notified Fluor of the vendor error once it was discovered, Fluor did not notify BAE OSI of the lack of preserved and collected documents for these ESI custodians until well after Fluor was aware of the issue. Notably, even though Fluor failed to notify BAE OSI of its lack of preservation and collection until fewer than two months prior to the then-current discovery deadline, BAE OSI (unlike Fluor) did not seek sanctions—only production of documents for use in the litigation.

### III. LAW AND ARGUMENT

#### A. BAE OSI Complied with Rule 26 and Court Orders; Thus, Sanctions Cannot be Awarded Under Rule 37(c)(1) or Rule 16(f).

While Fluor's Motion focuses on arguments and authorities in support of sanctions under Rule 37(c)(1), and references Rule 16(f) in passing, Fluor overlooks the critical fact that sanctions under Rule 37(c)(1) are contingent upon a prior, actual violation of Rule 26(a) or (e), and sanctions under Rule 16(f) are similarly contingent upon violating a court order. Fluor, however, does not and cannot establish a violation by BAE OSI of Rule 26(a) or (e). Fluor likewise does not and cannot identify any court order that BAE OSI violated to support sanctions under Rule 16(f).

Rule 37(c)(1), by its terms, is expressly contingent upon a violation of Rule 26(a) or (e), and provides:

> **If a party fails** to provide information or identify a witness **as required by Rule 26(a) or (e)**, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1)(A)–(C) (emphasis added); *see also Boyd*, 2013 WL 2896859 at *2 ("Obviously th[e] sanction[s] [under Rule 37(c)(1)] cannot be imposed unless the party is shown to have violated either Rule 26(a) or (e).").

Although Fluor baldly alleges that "no dispute exists that BAE's document production was significantly . . . untimely," Fluor Mem. 4, ECF No. 107, as noted above, BAE OSI did, in fact, comply

7

with Rule 26,[4] and Rule 26(e) in particular. As required by Rule 26(e)(1)(A), BAE OSI "in a timely manner" notified Fluor in BAE OSI's June 16 interrogatory response that BAE OSI had recently "learn[ed] that in some material respect" that its document production remained incomplete. *See* Golimowski Decl. ¶ 26. Further, in accordance with Rule 26(e)(1)(B), BAE OSI subsequently complied with the Court's July 14, 2022 Order, ECF No. 98, and made rolling productions on June 29, July 8, July 9, July 15, and July 25, to complete production of all documents affected by the error.

Like Rule 26(e)(1)(B), Rule 16(f) is contingent upon a prior violation of a court order. Rule 16(f) provides, in pertinent part:

> (1) **In General**. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), *if a party or its attorney*:
>
> …
>
> (C) fails to obey a scheduling or other pretrial order.
>
> (2) **Imposing Fees and Costs**. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, *unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust*.

Fed. R. Civ. P. 16 (f) (emphasis added). BAE OSI, of course, did not violate the Court's Scheduling Orders, the Order specifically addressing the vendor error, or any other Order that could justify the award of sanctions.

Thus, the Court's analysis of Fluor's motion should extend no further because there is no factual predicate to consider sanctions under Rule 37(c)(1) or Rule 16(f), and Fluor's Motion should be denied.

---

[4] Fluor does not allege that BAE violated Rule 26(a) or seek sanctions for any actions related to Rule 26(a) disclosures.

**B.     Sanctions are Not Appropriate in Any Event.**

**(1)     Fluor Relies on Inapposite Authorities.**

In lieu of establishing a factual predicate for sanctions, Fluor begins its analysis with authorities applying Rule 37(c)(1) or Rule 16(f) against parties that actually violated Rule 26(a) or (e) and Rule 16. Fluor then claims these cases are "similar" or "strikingly similar." A review of these authorities shows they are neither. *See* Fluor Mem. 9–11, ECF No. 107.

Indeed, the authorities cited by Fluor not only involved parties that actually violated their duties to supplement under Rule 26(e) (unlike BAE OSI), but those authorities also involved further egregious conduct (entirely absent here) such as failing to comply with a Court Order compelling production under Rule 37, spoliating evidence, and/or making disclosures beyond the close of discovery, and often on the eve of trial.

In *Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766 (E.D. Va. 2017) for example—which Fluor alleges is "strikingly similar" to the instant matter—the plaintiff filed a show cause motion seeking sanctions because the defendant violated a prior Court order compelling discovery. Unlike the present circumstances, the untimely production in *Vir2us*, was made well after the close of discovery and "only a few weeks before trial and after claiming [in a declaration] that [the documents] were irretrievable and duplicative." *Id.* at 771, 776. Further, the Court noted that:

> It is clear that Defendant failed to disclose crucial documents "at the right time," or indeed, at all, before the Court demanded an explanation for Defendant's actions. The Court itself observed that the documents "were found somewhere where [Defendant said] they shouldn't have been, but notably they *weren't found until the Court had begun to impose sanctions* in the case to explain their nonproduction.

*Id.* at 777. The case ultimately settled, and the court observed that "Plaintiff and the Court will never know what may have been uncovered had Defendant properly conducted discovery." *Id.* at 779.

*Vir2us* is not analogous to the instant matter. BAE OSI promptly, unilaterally, and voluntarily disclosed the vendor error to Fluor and the Court. Thereafter, BAE OSI made every effort to

9

promptly cure the error, and did, in fact, promptly cure the error well in advance of the discovery deadline, producing all documents associated with the error in advance even of the Court's interim deadlines. BAE OSI did not violate any prior order compelling disclosure of documents at issue. Further, the error was cured prior to the majority of depositions in this action. Put simply, Fluor was given the opportunity to, and did, take additional depositions of the affected custodians, and Fluor was provided with all non-privileged, responsive documents affected by the error.

Fluor's other authorities are equally inapposite for the similar reasons noted above. *See, e.g.*, *Digital Vending Servs. Int'l, Inc. v. Univ. of Phoenix, Inc.*, No. 2:09-cv-555, 2013 WL 5533233, at *6 (E.D. Va. 2013) (addressing documents produced outside of the discovery period, and spoliation concerns, including a thumb drive with relevant documents that was lost); *Exby-Stolley v. Bd. of Cnty. Comm'rs*, No. 13-cv-0139, 2016 WL 9735146, at *1 (D. Colo. 2016) (finding, after an earlier award of sanctions, and upon a renewed Motion for Sanctions that "[d]efendant's fail[ed] to timely disclose approximately 20,000 pages of documents [prior to the close of discovery[5]] in accordance with [the Court's] April 26, 2016 order"); *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335, 1338, 1342, 1348 (N.D. Ga. 2012) (finding defendant failed to comply with the Court's Order to produce documents by June 30, 2010, and improperly failed to produce 60,000 until April and May 2011, after the close of discovery), *modified sub nom.*, No. CV 1:09-MD-2089, 2012 WL 12952328 (N.D. Ga. July 18, 2012)).

> **(2) Even if the Court Could be Called Upon to Consider Exceptions to Rule 37(c)(1)—and it Cannot—it is Plain the Vendor Error was Harmless and Any Delay in Disclosure was Substantially Justified.**

Although the Court is not properly called upon to consider exceptions to Rule 37(c)(1) because there are no grounds to apply Rule 37(c)(1) in the first place, if Rule 37(c)(1) applied, sanctions would

---

[5] Order Granting Pl's Mot. Sanctions, *Exby-Stolley v. Bd. of Cnty. Comm'rs*, 13-cv-01395 (Apr. 26, 2016), ECF 120 (granting the first Motion for Sanctions relating to 300 documents produced after the close of discovery, and recognizing that the matter was set for a jury trial on April 25, 2016, but "instead of commencing the trial, [the Court] held an emergency hearing to address Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 for Failure to Disclose").

10

not be appropriate because "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

When assessing whether the nondisclosure was "harmless," courts evaluate: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; [and,] (5) the non-disclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Notably, courts have "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." *Id.*

Concerning the above factors, the Eastern District of Virginia has explained, "[t]he first four (4) factors relate to harmlessness, while the final factor relates to substantial justification." *Roncales v. Cnty. of Henrico*, No. 3:19-cv-234, 2021 WL 1738878, at *3 (E.D. Va. May 3, 2021) (internal citation omitted). "Although courts typically do not assess good or bad faith 'as a separate factor in [the] exclusion analysis,' the United States Court of Appeals for the Fourth Circuit has observed that 'under some circumstances, it might be relevant to the fifth factor of our test—the nondisclosing party's explanation for its failure to disclose evidence.'" *Id.* (quoting *S. States Rack & Fixture, Inc.*, 318 F.3d at 598. And "[a] party's intention may ... be relevant to its explanation for failing to disclose." *Id.* (internal citation omitted).

Here, BAE OSI satisfies all of the elements showing that the vendor error was harmless and substantially justified, even if Rule 37(c)(1) applied. The error was inadvertent and the result of a good-faith mistake in de-duplication by BAE OSI's e-discovery vendor, it did not cause undue surprise to Fluor, it was cured well in advance of the discovery deadline and prior to the taking of more than 20 depositions, and it did not disrupt the discovery, dispositive motions, or trial deadlines.

11

Moreover, BAE OSI had no reason to suspect the vendor error prior to its discovery on June 13. As happens in all large, complex litigations, Fluor identified alleged deficiencies about BAE OSI's document production prior to June. For each specific inquiry, BAE OSI was able to address Flour's question based on documents that BAE OSI had previously produced. Golimowski Decl. ¶¶ 17–22. It was not until Fluor asked a question about a document it received in third party discovery, on the evening of June 8, 2022, the BAE OSI discovered the inadvertent, but significant vendor error. *Id.* ¶¶ 23–25. The document in question—an email between a BAE OSI employee and the boiler supplier for the project, Rentech—should have been produced by BAE OSI but was not produced for reasons BAE OSI could not immediately explain. It was only after days of investigation with BAE OSI's e-discovery vendor, Consilio, that BAE OSI determined that Consilio incorrectly de-duplicated a collection of custodial documents against a set of documents BAE OSI had previously collected and stored at the vendor for reasons unrelated to this litigation. *See* Golimowski Decl. ¶¶ 11–15. As a result, Consilio identified a number of the documents that BAE OSI had collected from its custodians specifically for this litigation as duplicates and did not promote them to the review environment that BAE OSI used to review and produce documents. *Id.* BAE OSI did not identify the error sooner because the affected documents were not in the review environment. *Id.* ¶¶ 12–13. In other words, BAE OSI had no way to know it was not reviewing the entire universe of potentially responsive documents, and every investigative effort prior to June 13 indicated that BAE OSI was reviewing all such documents. Moreover, BAE OSI had instructed Consilio as to how to process the data and received assurances that the data had been processed in compliance with those instructions. *See id.* ¶¶ 11–13.

Accordingly, and contrary to Fluor's argument, the vendor error was inadvertent and not the result BAE OSI's failing to address Fluor's discovery concerns. Just as importantly, once the error was discovered, BAE OSI disclosed it, and cured it during the period in which Fluor itself was

continuing to make substantive productions of documents, and prior to the majority of depositions. Moreover, BAE OSI cured any purported ill-effects of the error by producing witnesses for re-deposition (as Fluor did for its witnesses who had to be re-deposed based on Fluor's belated productions). Finally, Fluor cannot credibly claim any disruption to trial. The Scheduling Order intentionally built-in buffer periods for discovery prior to trial, including a month for expert discovery after the close of fact discovery. And Fluor never suggested, sought, or intimated prior to filing its sanctions Motion that the error would have any effect on trial.

The additional depositions were, if anything, a benefit to Fluor because they gave Fluor an opportunity to ask additional questions it failed to ask during the first depositions. An analysis of the 136 exhibits used during the five re-depositions reveals that approximately 60 percent of the exhibits were duplicates of documents that were in Fluor's possession prior to the vendor error.

For instance, BAE OSI first produced the Prime Contract Final Report on April 12, 2022, bearing the Bates number BAEOSI0000282032. Fluor had this document prior to conducting any depositions and could have used it in every deposition. BAE OSI re-produced this document as a result of its efforts to cure the vendor error. Fluor now asserts—incorrectly—that BAE OSI produced this document for the first time to correct the error "where BAE [allegedly] produced the most probative records." Fluor Mem. 2, ECF 107.

In another instance, during the re-deposition of former BAE OSI Kelly Bate, Fluor introduced an email between Ms. Bate and Fluor employee Timothy Dixon, Exhibit 675, which was an exact duplicate of an email Fluor produced to BAE OSI. *See* Ex. C, Bate Dep. 43:7–12. Fluor was obviously in possession of this document—because Fluor itself produced it in this litigation—before it even brought suit against BAE OSI and could not conceivably have been prejudiced by receiving another copy of it as part of the error productions. If anything, Fluor was given the opportunity to take five additional depositions—an offer BAE OSI made immediately upon recognizing the scope of the

13

error—and it benefitted from the additional deposition time to rehash issues that it could have covered previously.

Moreover, because BAE OSI timely produced documents in accordance with the Court's Order and made its witnesses available for re-deposition, the error was harmless and Fluor's claims of prejudice and for $85,000 in costs are unfounded and unsupported.

Fluor's claim that it is owed costs for reviewing documents is baseless. Whether the documents were produced in March or July, Fluor was going to have to review the documents either way. The costs Fluor now seeks for reviewing documents are costs that it would have incurred regardless of the vendor error. As such, those costs, which are not supported or segregated in any way by Fluor's Motion, cannot be attributable to the vendor error and are not recoverable.

While Fluor re-deposed five witnesses, it did so by Zoom, thereby eliminating Fluor's travel costs and minimizing its overall costs. It is also noteworthy that Fluor claims it is owed approximately $85,000 for the error but that amount is not supported or broken out in any way. BAE OSI suspects that a not-immaterial portion of those costs are attributable to writing the instant Motion, which has no basis in law or fact and serves only as a distraction from the substantive issues in this case. Because there is no real prejudice to Fluor, to the extent Rule 37 applies—and it does not—and the error was harmless, the Court should deny the Motion.

## IV.     **CONCLUSION**

For the foregoing reasons, BAE OSI respectfully requests that this Court deny Fluor's Motion for Sanctions and Request for Attorney's Fees, and grant BAE OSI all such other relief that the Court finds just and proper.

Dated: November 14, 2022					Respectfully submitted,


						  /s/ Jeffrey J. Golimowski
						Todd M. Conley (Va. Bar No. 89839)
						Jeffrey J. Golimowski (Va. Bar No. 93525)
						Jeremy L. Baker (Va. Bar No. 90528)
						**WOMBLE BOND DICKINSON (US) LLP**
						8350 Broad Street, Suite 1500
						Tysons, VA 22102
						Telephone: (703) 394-2245
						Facsimile: (703) 918-2257
						E-mail: todd.conley@wbd-us.com
						E-mail: jeff.golimowski@wbd-us.com
						E-mail: jeremy.baker@wbd-us.com


						Joshua Treece (Va. Bar No. 79149)
						**WOODS ROGERS VANDEVENTER BLACK PLC**
						10 S. Jefferson St., Suite 1800
						Roanoke, VA 24011
						Telephone: (540) 983-7730
						Email: jtreece@woodsrogers.com

						*Counsel for Defendant BAE OSI*