UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FLUOR FEDERAL SOLUTIONS, LLC<br><br>Plaintiff/Counterclaim Defendant;<br><br>v.<br><br>BAE SYSTEMS ORDNANCE SYSTEMS INC.,<br><br>Defendant/Counterclaim Plaintiff. | Case No. 7:19-cv-698-EKD |

### DECLARATION OF JEFFREY J. GOLIMOWSKI

I, Jeffrey J. Golimowski, under penalty of perjury, declare as follows:

1. I am over the age of 18 and competent to provide this testimony.

2. I am one of the counsel of record in the above captioned case for Defendant/Counterclaim Plaintiff BAE Systems Ordnance Systems Inc. ("BAE OSI").

3. I have personal knowledge of all facts described herein.

4. BAE Systems has retained Consilio, LLC to provide litigation support services, including electronic discovery support, for litigation matters.

5. In anticipation of litigation with Fluor concerning the instant matter and other projects BAE OSI uploaded a large number of documents it had preserved across a range of sources and custodians, many not pertinent to the instant matter, to Consilio for processing into a database.

6. These undifferentiated documents were stored in a single database, called iVault, with limited functionality, until "promoted" to a review database for attorney review and eventual production.

7. When Plaintiff/Counterclaim-Defendant Fluor Federal Solutions, LLC ("Fluor") brought suit in this case, BAE OSI instructed Consilio to create a new database of documents specifically for the instant matter (referred to here as the "PB Environment").

8. BAE OSI took this step to ensure compliance with the Parties' agreed ESI Protocol and to segregate documents for review from those documents collected for other matters.

9. Several thousand documents were promoted from the iVault environment to the PB Environment shortly after the initial receipt of Fluor's document requests, at BAE OSI's instruction, to begin the process of document review in a timely manner.

10. Upon exchange of the list of agreed Custodians whose records would be reviewed for production, in accordance with the Parties' ESI Protocol, BAE OSI collected and uploaded additional documents to Consilio to assure full collections of documents from the preserved records of the requisite custodians.

11. I instructed Consilio to process these new collections of documents directly into the PB Environment, without passing the documents through the iVault environment, and to de-duplicate against the documents already in the PB Environment.

12. In other words, I instructed Consilio that, if a document existed in the PB Environment, that same document should not be loaded again to that database if it was also present in one of the collections being processed.

13. Unbeknownst to BAE OSI, Consilio mistakenly de-duplicated the new documents against all the documents in the iVault database, rather than the PB Environment, before promoting the documents to the PB Environment, which resulted in a significant number of the new documents being incorrectly excluded from the PB Environment as "duplicates."

14. Consilio promoted approximately 200,000 documents from the iVault environment to the PB Environment.

15. BAE OSI engaged attorneys at Consilio and, later, attorneys with Womble Bond Dickinson's in-house document review team, Bulldox, to review the documents in the PB Environment for confidentiality, privilege, and responsiveness to Fluor's requests.

16. BAE OSI produced approximately 50,000 documents that met these criteria.

17. When BAE OSI identified deficiencies in Fluor's document productions, and sought additional information regarding these deficiencies, Fluor consistently responded with generalized complaints about BAE OSI's production.

18. These complaints typically included statements that BAE OSI had not produced enough documents from certain custodians.

19. Upon receipt of such complaints, BAE OSI's legal team, including Consilio and Womble Bond Dickinson, reviewed the documents available in the PB Environment to confirm whether responsive, non-privileged documents had been produced.

20. On the few occasions Fluor identified particular records or documents it asserted should have been produced by BAE OSI, BAE OSI investigated and identified either the location where BAE OSI did produce the document or the reason why the document had not been produced.

21. In every instance, prior to June 8, 2022, BAE OSI's legal team was able to locate in the PB Environment all records particularly identified as missing by Fluor.

22. On June 8, 2022, Fluor identified three records produced to Fluor by a third party that included communications from BAE OSI and noted that they did not appear to have been produced by BAE OSI.

23. For the first time in response to a particular Fluor request, BAE OSI's legal team was unable to locate a potentially responsive document in the PB Environment. It was, however, able to locate the document in the iVault.

24. BAE OSI immediately contacted Consilio to inquire why the document was present in the iVault and not in the PB Environment.

25. On June 13, 2022, Consilio identified to BAE OSI, for the first time, the de-duplication error described above. Until Fluor asked about a document after 5:00 p.m. EDT on June 8, none of Fluor's previous requests had revealed any issues with the PB Environment.

26. Nearly 200,000 documents were affected by this error. BAE OSI promptly notified Fluor in an interrogatory response on June 16, 2022 of the error and in a subsequent letter to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Fairfax County, Virginia, on November 11, 2022.

_____
Jeffrey J. Golimowski