Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

|  |  |
|---|---|
| FLUOR FEDERAL SOLUTIONS, LLC, <br><br> *Plaintiff/Counter-Defendant*, <br><br> v. <br><br> BAE SYSTEMS ORDNANCE SYSTEMS, INC., <br><br> *Defendant/Counter-Plaintiff.* | Case No. 7:19-cv-698 |

**DEFENDANT/COUNTER-PLAINTIFF BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO FLUOR FEDERAL SOLUTIONS, LLC'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34, BAE Systems Ordnance Systems, Inc. ("BAE OSI"), through its undersigned counsel, hereby provides the following Objections and Responses to Fluor Federal Solutions, LLC's ("Fluor") First Set of Requests for the Production of Documents. As discovery is ongoing, BAE reserves the right to supplement and/or amend its responses should it become aware of additional responsive information.

**PRELIMINARY STATEMENT**

1.      BAE OSI's investigation and development of all facts and circumstances relating to this action is ongoing. These Responses and Objections are made without prejudice to, and are not a waiver of, BAE OSI's right to rely on other facts or documents at trial.

2.      By making the below objections to Fluor's Document Requests, BAE OSI does not waive, and hereby expressly reserves, its right to assert any objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, BAE OSI submits

the Responses and Objections herein without in any way implying that it considers the Requests, or the Responses to the Requests, to be relevant or material to the subject matter of this action. BAE OSI reserves the right to object to other discovery involving or relating to the subject matters of these Document Requests.

3.      A response to a document request indicating that documents will be produced shall not be deemed or construed to indicate: (1) that there are, in fact, responsive documents, (2) that BAE OSI performed any of the acts described in the Document Request or definitions applicable to the Document Request, or (3) that BAE OSI acquiesces in the characterization of the conduct or activities contained in the Document Request or definitions applicable to the Document Request.

4.      BAE OSI expressly reserves the right to supplement, clarify, revise, or correct any or all the Responses and Objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

5.      Inadvertent disclosure of privileged or confidential information shall not constitute or be deemed a waiver of any privilege or confidentiality or other grounds for objecting to discovery with respect to such document or any other document, the subject matter thereof, the information contained therein, or BAE OSI's right to object to the use of any such document or the information contained therein during any subsequent proceeding.

6.      BAE OSI reserves the right to seek an appropriate protective order in the event that Fluor persists in seeking discovery of information that is not relevant to this dispute, overly broad, unduly burdensome, or calculated to annoy or embarrass, and in any other instance in which good cause can be shown.

7.      BAE OSI's Responses and Objections are provided subject to any Protective Order

that may be issued in this matter.

## **GENERAL OBJECTIONS**

BAE OSI sets forth herein the following General Objections and incorporates by reference the Preliminary Statement and all the following General Objections into the Responses to the individual Document Requests provided below:

1.      These General Objections apply to all the Document Requests regardless of whether the General Objections are expressly referred to in the Specific Objections to a particular Document Request. The Specific Objections, which are set forth following each Document Request, are intended to amplify the General Objections and neither limit the applicability of any of the General Objections, nor waive any objections which may, in addition to those set forth, be applicable to each Document Request.

2.      BAE OSI objects to each Document Request, including the instructions and definitions, to the extent they seek information that is protected from discovery by the attorney-client privilege, attorney work-product doctrine, the common interest privilege, settlement privilege, or any other privilege or protection as provided by federal and/or state statute, rule, or legal precedent.

3.      BAE OSI objects to each Document Request, including the instructions and definitions, to the extent that they are overbroad, vague, confusing, ambiguous, or unduly burdensome harassing, and they seek information that is irrelevant, immaterial or not likely to lead to the discovery of admissible evidence.

4.      BAE OSI objects to each Document Request, including the instructions and definitions, to the extent they seek the disclosure of information already known, available, or more easily obtained by Fluor, which subjects BAE OSI to unreasonable burden, expense, and

harassment.

5.      BAE OSI objects to each Document Request, including the instructions and definitions, to the extent any are not susceptible to reasonable interpretation or limitation, and to the extent that they attempt to impose a greater burden of disclosure on BAE OSI than that imposed or contemplated by the Federal Rules of Civil Procedure ("FRCP"), the Local Rules of the Western District of Virginia, the Agreed Order Regarding Discovery, Including Discovery of ESI, entered by the Court on August 31, 2021 (ECF No. 71), or this Court's rules of practice.

6.      BAE OSI objects to each Document Request, including the instructions and definitions, to the extent that they fail to comply with the FRCP, the Local Rules of the Western District of Virginia, the Agreed Order Regarding Discovery, Including Discovery of ESI, entered by the Court on August 31, 2021 (ECF No. 71), or this Court's rules of practice.

7.      BAE OSI objects to each Document Request, including the instructions and definitions, to the extent that they seek information that is immaterial, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

8.      BAE OSI objects to each Document Request, including the instructions and definitions, to the extent that they seek information that is unrelated to the limited allegations of this litigation.

9.      BAE OSI objects to each Document Request, including the instructions and definitions, to the extent that they are cumulative or duplicative of other Requests.

10.     BAE OSI objects to each Document Request, including the instructions and definitions, to the extent they seek discovery or the disclosure of information or documents, which are not in the possession, custody or control of BAE OSI, were not maintained by BAE OSI in the normal course of business and/or or call upon BAE OSI to create or recreate information, which

is not presently in existence.

11.     BAE OSI objects to each Document Request, including the instructions and definitions, to the extent that they are not limited to the time period and subject matter relevant to this action.

12.     BAE OSI objects to each Document Request, including the instructions and definitions, to the extent that they seek or call for legal conclusions, legal assessments, or determinations which are appropriately decided only by the Court presiding over this litigation.

13.     BAE OSI objects to each Document Request, including the instructions and definitions, to the extent the individual requests are intended or can be construed to call upon BAE OSI to relinquish custody and control of its documents; to reproduce any documents at its own expense; to rearrange, reorganize, and/or produce its business records so as to group them by the categories enumerated in the Document Requests; or, to produce its records in any other form, order, or organization other than the form, order, and organization in which they are maintained in the ordinary course of business.

## OBJECTIONS TO DEFINTIONS & INSTRUCTIONS

1.     BAE OSI objects to the Instructions, which instruct BAE OSI to respond to Interrogatories, as improper.

2.     BAE-OSI further objects to the definitions and instructions to the extent they impose, or purport to impose, any obligations on BAE-OSI beyond those required by prior agreement of the Parties and/or the Federal Rules of Civil Procedure ("Rules").  BAE-OSI will comply with the Parties' agreements and the Rules.

3.     BAE OSI further objects to the definition of "Subcontract," which Fluor defines as a subcontract "for the design of a Temporary Facility." The Subcontract, as amended by agreement

of the parties, was not a Subcontract for the design of a Temporary Facility and, therefore, this definition is inaccurate.

4.      BAE OSI further objects to the definition of "Temporary Facility," which Fluor defines as the "subject of . . . the Subcontract." The Subcontract, as amended by agreement of the parties, was not a Subcontract for the design of a Temporary Facility and, therefore, this definition is inaccurate. therefore, the definition of "Temporary Facility" is inaccurate.

## DOCUMENT REQUESTS

1.      All documents, communications, and correspondence supporting, refuting, addressing, concerning, referring, or relating, in any way, to the allegations, admissions, averments, or denials in the Answer.

**OBJECTION**: BAE OSI objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents" that relate "in any way" to the 147 paragraphs and numerous averments contained in BAE OSI's Answer. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

2.      All documents, communications, and correspondence supporting, refuting, addressing, concerning, referring, or relating, in any way, to the allegations, admissions, averments, or denials in the Counterclaim.

**OBJECTION**: BAE OSI objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents"

that relate "in any way" to the 221 paragraphs and numerous allegations contained in BAE OSI's Counterclaim. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

3.      All documents, communications, and correspondence supporting, refuting, addressing, concerning, referring, or relating, in any way, to the allegations, admissions, averments, or denials in the Counterclaim.

**OBJECTION**: BAE OSI objects to this Request as unnecessarily cumulative as it is duplicative of Request No. 2. BAE OSI further objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents" that relate "in any way" to the 221 paragraphs and numerous allegations contained in BAE OSI's Counterclaim. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

4.      All documents, communications, and correspondence supporting, refuting, addressing, concerning, referring, or relating, in any way, to the allegations or averments of the Complaint.

**OBJECTION**: BAE OSI objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents"

that relate "in any way" to the 146 paragraphs and numerous allegations contained in Fluor's Complaint. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

5.    All documents, including correspondence and communications, identified, described, referred to, relied upon, considered, reviewed, rejected, adopted, or that otherwise concern or relate, in any way, to your Responses to the discovery requests served by Fluor in this Action.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine. BAE OSI further objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1) because it specifically seeks documents that BAE OSI has deemed non-responsive and/or irrelevant. BAE-OSI further objects to this Request as duplicative and cumulative of all other Requests.

**RESPONSE**: BAE-OSI states that all documents produced in response to a discovery request served by Fluor in this action are coextensive with any documents responsive to this Request and, therefore, BAE-OSI will not separately produce documents responsive to this Request.

6.    All documents, communications, and correspondence that you intend to introduce into evidence at trial or any other hearing in this Action.

**RESPONSE**: Documents responsive to this Request have not yet been identified. BAE

OSI will produce responsive, non-privileged documents in accordance the Court's Scheduling Order and/or as required by the Federal Rules of Civil Procedure.

7.      All documents, communications, and correspondence exchanged by or between BAE and the Army concerning, referring, or relating, in any way, to the Project, the Subcontract, TO 29, this Action or its subject matter.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) and related to Fluor's involvement in the Project.

8.      A complete copy of the Prime Contract between BAE and the Army including, without limitation, all task orders, delivery orders, general, special and supplemental conditions, exhibits, attachments, schedules, modifications, change orders, and other documents incorporated by reference therein.

**RESPONSE**:  BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) and related to Fluor's involvement in the Project.

9.      All statements (as that term is used in FRCP 26(b)(3)(C)) made by you concerning, referring, or relating, in any way, to the Project, the Subcontract, the Prime Contract, this Action or its subject matter.

**OBJECTION**: BAE OSI objects to this Request as overly broad in that BAE OSI cannot

reasonably obtain and produce every statement that its employees made regarding the Project over the past six years. BAE OSI further objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1) as it seeks statements relating to the Prime Contract, which includes work that is wholly irrelevant to any party's claim or defenses in this action.  BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents related to the Project, the Subcontract, this Action or its subject matter that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) and that are relevant to Fluor's involvement in the Project.

10.     All documents, communications, and correspondence maintained by your employees, former employees concerning, referring, or relating, in any way, to the Project, the Subcontract, or TO 29, including, without limitation, any notes, notes of telephone conference or meetings, field notes, diaries, journals, and calendars, whether handwritten or otherwise.

**OBJECTION**: BAE OSI objects to this Request to the extent it requests that BAE OSI produce documents maintained by former employees, which are no longer in the custody, possession or control of BAE OSI. BAE OSI further objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI

Protocol (ECF No. 71) and related to Fluor's involvement in the Project.

11.     All documents, communications, and correspondence concerning, referring, or relating, in any way, to the negotiation, formation and/or issuance of TO 29.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) and related to Fluor's involvement in the Project.

12.     All documents, communications, and correspondence concerning, referring, or relating, in any way, to the selection of the Temporary Location for the Project.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Given the dismissal of Fluor's claim for fraudulent inducement (Count V) (*see* Mem. Op. (ECF No. 32)), documents related to selection of the Project's location are no longer relevant to any party's claims or defenses in this action.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

13.     All documents, communications, and correspondence exchanged by, between or involving BAE and the Army concerning, referring, or relating, in any way, to the decision to move the Project from the Temporary Location to the Permanent Location.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery

provided in Federal Rule of Civil Procedure 26(b)(1). Given the dismissal of Fluor's claim for fraudulent inducement (Count V) (*see* Mem. Op. (ECF No. 32)), documents related to selection of the Project's location are no longer relevant to any party's claims or defenses in this action.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

14.     All documents, communications, and correspondence concerning, referring, or relating, in any way, to the selection of the Permanent Location for the Project.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Given the dismissal of Fluor's claim for fraudulent inducement (Count V) (see Mem. Op. (ECF No. 32)), documents related to selection of the Project's location are no longer relevant to any party's claims or defenses in this action.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

15.     All documents, communications, and correspondence concerning, referring, or relating, in any way, to the formation, negotiation, execution, or performance of all modifications relating to the Project issued to BAE's Prime Contract and/or TO 29 with the Army, including without limitation, Modifications 3 and 4 issued on or about December 10, 2015, and Modification 5 issued on or about January 27, 2016.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, task orders, delivery orders, modifications and other documents that do not relate to the Project or Task Order 29 are not

relevant to any party's claim or defense in this action.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) and related to Fluor's involvement in the Project.

16.     All documents, communications, and correspondence concerning, referring, or relating, in any way, to the negotiation, formation, or performance of the Subcontract.

**OBJECTION**: BAE OSI objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents" that relate "in any way" to more than five years of construction and design activity, including in reference to aspects of the Project that are not in dispute. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

17.     All documents, communications, and correspondence concerning, referring, or relating, in any way, to the negotiation, formation, or performance of the Modifications to the Subcontract including, without limitation, Modifications 1, 4, and 7.

**OBJECTION**: BAE OSI objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents" that relate "in any way" to more than five years of construction and design activity, including in reference to aspects of the Project that are not in dispute. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product

doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

18.     All documents, communications, and correspondence involving, prepared by, or exchanged by and between BAE and the VDEQ concerning, referring, or relating, in any way, to the Project, the Subcontract, or TO 29, including, without limitation, the alleged fine imposed by VDEQ against BAE.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

19.     All documents, communications, and correspondence concerning, referring, supporting, refuting, addressing, or relating, in any way, to the allegations set forth in Paragraphs 217 and 219 of the Counterclaim including, without limitation, the status of any claim or demand made by the VDEQ against the Army and the status of any Contracting Officer's Final Decision.

**OBJECTION:** BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

20.     All Requests for Equitable Adjustment, claims, demands, assertions, or requests for time extension or compensation that BAE made against the Army related to the Project, the Subcontract, or TO 29 including, without limitation, the claim referenced in Paragraph 187 of the Counterclaim.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action. BAE-OSI further objects to the term "assertions" as vague and ambiguous such that BAE-OSI cannot reasonably identify any documents that could be responsive or non-responsive.

**RESPONSE**: BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

21.     All documents, communications, and correspondence exchanged by, between, or involving BAE, USACE, and/or the Army concerning, referring, or relating to the Project, the Subcontract, TO 29, this Action or its subject matter.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

22.     All documents, communications, correspondence, analyses, reports, records, and

data concerning, referring, or relating, in any way, to BAE's review, analysis, consideration, evaluation, acceptance, or rejection of all or any part of the Change Proposal submitted to BAE by Fluor on or about August 15, 2017, and each PCN set forth therein.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

23.    All documents, communications, correspondence, analyses, reports, records, and data concerning, referring, or relating, in any way, to BAE's review, analysis, consideration, evaluation, acceptance, or rejection of all or any part of the Change Proposal Update submitted to BAE by Fluor on or about August 12, 2019, and each PCN set forth therein.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.  BAE-OSI further objects to this Request as being unnecessarily cumulative and/or duplicative with Request 22.  To the extent a document is responsive to Requests 22 and 23, BAE-OSI will produce the document once.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

24.    All documents, communications, and correspondence exchanged by and between BAE and the Army concerning, referring, or relating, in any way, to the Change Proposal submitted to BAE by Fluor on or about August 15, 2017, and each PCN set forth therein.

**OBJECTION:** BAE-OSI objects to this Request as being unnecessarily cumulative

and/or duplicative with Requests 22 and 23.  To the extent a document is responsive to Requests 22, 23, and 24, BAE-OSI will produce the document once.

**RESPONSE**: BAE OSI will produce responsive documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

25.     All documents, communications, and correspondence exchanged by and between BAE and the Army concerning, referring, or relating, in any way, to the Change Proposal Update submitted to BAE by Fluor on or about August 12, 2019, and each PCN set forth therein.

**OBJECTION:** BAE-OSI objects to this Request as being unnecessarily cumulative and/or duplicative with Requests 22, 23, and 24.  To the extent a document is responsive to Requests 22, 23, 24, and 25, BAE-OSI will produce the document once.

**RESPONSE**: BAE OSI will produce responsive documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

26.     All documents, communications, correspondence, analyses, reports, records, and other information concerning, referring, or relating, in any way, to BAE's review, analysis, consideration, evaluation, acceptance, or rejection of all or any part of PCN 023 – "Schedule Variance Analysis," at any time, including, without limitation, prior to BAE's rejection of PCN 023 on October 26, 2017.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine. BAE-OSI further objects to this Request as being unnecessarily cumulative and/or duplicative with Requests 22, 23, 24, and 25. To the extent a document is responsive to Requests 22, 23, 24, 25 and 26, BAE-OSI will produce the document once.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will

produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

27.     All documents, communications, correspondence, analyses, reports, records, and other information concerning, referring, or relating, in any way, to BAE's review, analysis, consideration, evaluation, acceptance, or rejection of all or any part of PCN 20 – "Schedule Acceleration," at any time, including, without limitation, prior to BAE's rejection of PCN 020 on October 26, 2017.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine. BAE-OSI further objects to this Request as being unnecessarily cumulative and/or duplicative with Requests 22, 23, 24, 25, and 26.  To the extent a document is responsive to Requests 22, 23, 24, 25, 26, and 27 BAE-OSI will produce the document once.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

28.     All documents, communications or correspondence concerning, referring, or relating, in any way, to any schedule, including, without limitation, as-planned schedules, as-built schedules, schedule updates, CPM schedules, bar charts, graphs, manpower reports, look-aheads, schedule analyses or schedule reviews (including any such documents in native electronic format) prepared by or on behalf of BAE concerning the Project.

**OBJECTION:** BAE OSI objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents" that relate "in any way" to more than five years of construction and design activity, including in

reference to aspects of the Project that are not in dispute. BAE OSI further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: BAE OSI will produce responsive documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

29.     All documents, communications, and correspondence concerning, referring, or relating, in any way, to the decision to separate the completion and/or commissioning of boilers 1-4 from the completion and/or commissioning of boilers 5-6, as alleged in Paragraphs 119-122 of the Counterclaim.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: BAE OSI will produce responsive documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

30.     All documents, communications, and correspondence summarizing, memorializing, reporting, referring, or relating, in any way, to any internal BAE oral communications, including, without limitation, meetings, conferences, and phone calls pertaining to the Project, the Subcontract, or TO 29.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine. BAE OSI further objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action.  BAE OSI further objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure

34(b)(1) in that it seeks "all documents" that relate "in any way" to more than five years of construction and design activity, including in reference to aspects of the Project that are not in dispute.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) and related to Fluor's involvement in the Project.

31.     All documents, communications, and correspondence summarizing, memorializing, reporting, concerning, referring, or relating, in any way, to any oral communications, including, without limitation, meetings, conferences, and phone calls between or involving BAE and Fluor pertaining to the Project, the Subcontract, or TO 29.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine. BAE OSI further objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents" that relate "in any way" to more than five years of construction and design activity, including in reference to aspects of the Project that are not in dispute.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

32.     All documents, communications, and correspondence summarizing, memorializing, reporting, referring, or relating, in any way, to any oral communications, including, without limitation, meetings, conferences, and phone calls between or involving BAE and the Army pertaining to the Project, the Subcontract, or TO 29.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine. BAE OSI further objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action.  BAE OSI further objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents" that relate "in any way" to more than five years of construction and design activity, including in reference to aspects of the Project that are not in dispute.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) and related to Fluor's involvement in the Project.

33.     All documents, communications, and correspondence summarizing, memorializing, reporting, referring, or relating, in any way, to any oral communications, including, without limitation, meetings, conferences, and phone calls between or involving BAE and its subcontractor, Rentech Boiler Systems, Inc., related to the Project, the Subcontract, or TO 29, including, without limitation, the drawings, changes, and costs identified and requested by Fluor in PCN 037, as set forth in Fluor's Change Proposal and Change Proposal Update.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine. BAE OSI further objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Specifically, documents related to TO 29 that are unrelated to Fluor's involvement in the Project are not relevant to any party's claim or defense in this action.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71) and related to Fluor's involvement in the Project.

34.    All documents, communications, and correspondence concerning, referring, supporting, refuting, addressing, or relating, in any way, to the allegations set forth in Paragraph 71 of the Counterclaim and Paragraph 27 of the Answer pertaining to BAE's decision not to inform Fluor until, or to inform Fluor on, December 31, 2015, that the Army had moved the Project from the Temporary Location to the Permanent Location.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Given the dismissal of Fluor's claim for fraudulent inducement (Count V) (*see* Mem. Op. (ECF No. 32)), documents related to selection of the Project's location are no longer relevant to any party's claims or defenses in this action.

35.    All documents, communications, and correspondence concerning, referring, supporting, refuting, addressing, or relating, in any way, to the allegations set forth in Paragraphs 64 and 65 of the Counterclaim pertaining to BAE's decision not to inform Fluor until, or to inform Fluor on, December 31, 2015, that the Army had partially terminated for convenience Task Order 42 to the Prime Contract.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Given the dismissal of Fluor's claim for fraudulent inducement (Count V) (*see* Mem. Op. (ECF No. 32)), the requested documents are no longer relevant to any party's claims or defenses in this action. BAE further objects to this Requests as a mischaracterization of the BAE OSI's allegations in its Counterclaim.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will

produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

36.    All documents, communications, and correspondence concerning, referring, supporting, refuting, addressing, or relating, in any way, to the allegations as set forth in Paragraphs 64 and 65 of the Counterclaim.

**OBJECTION**: BAE OSI objects to this Request as exceeding the scope of discovery provided in Federal Rule of Civil Procedure 26(b)(1). Given the dismissal of Fluor's claim for fraudulent inducement (Count V) (*see* Mem. Op. (ECF No. 32)), the requested documents are no longer relevant to any party's claims or defenses in this action. BAE OSI further objects to this Request as cumulative because it is duplicative of Request No. 35.

**RESPONSE**: Subject to and without waiving the foregoing objections, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

37.    All documents, communications, and correspondence summarizing, memorializing, reporting, concerning, referring, or relating, in any way, to any efforts by BAE to reach an agreement with Fluor on a definitized price for construction of the Permanent Facility between execution of Subcontract Modification 4 and December 15, 2016.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

38.    All documents, communications, and correspondence concerning, referring,

supporting, refuting, addressing, or relating, in any way, to the allegations set forth in Paragraphs 81 and 82 of the Counterclaim, including, without limitation, BAE's assertion that Fluor was required to submit a line-by-line comparison of changed costs from the Temporary Facility to the Permanent Facility in Fluor's Change Proposal using a "Delta Pricing Approach."

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

39.    All documents, communications, and correspondence concerning, referring, supporting, refuting, addressing, or relating, in any way, to each and every contractual default, breach, or other deficiency, if any, that BAE alleges that Fluor committed or was responsible for, pertaining to the Project or the Subcontract.

**OBJECTION**: BAE OSI objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI Protocol (ECF No. 71).

40.    All documents, communication, and correspondence comprising, concerning, referring, or related, in any way, to any photographs or videos of, or related to, the Project.

**OBJECTION**: BAE OSI objects to this Request as overly broad and lacking the particularity required by Federal Rule of Civil Procedure 34(b)(1) in that it seeks "all documents" that relate or comprise "in any way . . . photographs or videos of, or related to, the Project," which consists of more than five years of construction and design activity, including aspects of the Project

that are not in dispute.

**RESPONSE**: Subject to and without waiving the foregoing objection, BAE OSI will

produce responsive, non-privileged documents that are located pursuant to the Parties' Agreed ESI

Protocol (ECF No. 71).

Respectfully submitted,

_/s/Todd M. Conley_
Todd M. Conley (Va. Bar No. 89839)
Jeffrey J. Golimowski (Va. Bar No. 93525)
WOMBLE BOND DICKINSON (US) LLP
8350 Broad Street, Suite 1500
Tysons, VA 22102
Telephone: (703) 394-2245
Facsimile: (703) 918-2257
E-mail:  todd.conley@wbd-us.com
E-mail:  jeff.golimowski@wbd-us.com

Joshua Treece (Va. Bar No. 79149)
WOODS ROGERS PLC
10 S. Jefferson St., Suite 1800
Roanoke, VA 24011
Telephone: (540) 983-7730
Email: jtreece@woodsrogers.com

_Counsel for BAE-OSI_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of October, 2021, a true and correct copy of BAE

OSI's Objections and Responses to Fluor's First Requests for Production of Documents was served

via email on all counsel or parties of record listed below:

Scott P. Fitzsimmons, Esq.
Kathy Barnes, Esq.
Sarah K. Bloom, Esq.
Greg Wagner, Esq.
WATT, TIEDER, HOFFAR & FITZGERALD, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
sfitzsimmons@watttieder.com
kbarnes@watttieder.com
sbloom@watttieder.com
gwagner@watttieder.com


_____ /s/Todd M. Conley_____
Todd M. Conley