# Exhibit B

womblebonddickinson.com



**June 27, 2022**

Scott Fitzsimmons
Watt, Tiede, Hoffman & Fitzgerald, LLP
1765 Greensboro Station Pl., Suite 1000
McClean, VA 22102

Womble Bond Dickinson (US) LLP

8350 Broad Street, Suite 1500
Tysons, VA 22102

t: 703.790.3310
f: 703.790.2623

Todd Conley
Partner
Direct Dial: 703-394-2245
Direct Fax: 703-918-2245
E-mail: Todd.Conley@wbd-us.com

**Re: Meet and Confer - Fluor Production Deficiencies Case No. 7:19-cv-698-EKD**

Dear Scott:

BAE OSI is in receipt of your June 23, 2022 letter (the "Letter"). In it, Fluor misrepresents the facts and BAE OSI's positions. Fluor's false accusations and unprofessional tone do not serve the interest of either party or the Court. While BAE OSI and Fluor may disagree on various aspects of the case, it is unacceptable to deliberately misconstrue and mischaracterize the facts and BAE OSI's positions. Fluor's accusations of BAE OSI improper actions with respect to discovery are also belied by the fact that it was BAE OSI which sought to extend discovery (over Fluor's vehement objections) so that the parties could work out the various discovery issues and produce remaining documents, so that the rest of the case schedule could proceed in an orderly manner.

BAE OSI is willing, as noted, to engage in a meet and confer call with Fluor on Wednesday, June 29, 2022 at 10:30am. BAE OSI will focus on constructive ways to resolve, or at least narrow, the disputes concerning each party's concerns. We ask Fluor to do the same and refrain from unsubstantiated and untrue accusations. Accordingly, please be prepared to address the following deficiencies in Fluor's productions to date:

1. Fluor's response to BAE OSI's interrogatory requesting specific and detailed information regarding Fluor's efforts to collect, preserve, search, and produce responsive documents to BAE OSI's discovery requests, served on June 16, 2022, is inadequate, particularly when compared to BAE OSI's contemporaneous response to a nearly identical Interrogatory.

    a. Fluor notes it sent a litigation hold on February 17, 2017, but does not explain what records were ordered to be retained, when or if it was ever updated, and the actions Fluor's IT personnel took to preserve records. In contrast, BAE OSI identified what records were ordered to be retained; what steps were taken to preserve those records; when the document was updated; how the records were collected; and how they were stored.

    b. Fluor fails to state unequivocally that it preserved Mr. Showalter's data related to the Package Boiler project. Fluor's statements seem to suggest that some of Mr. Showalter's data might have been preserved due to other litigation hold notices. This is inadequate

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.





because Fluor fails to explain the nature of these holds nor demonstrate how they could have been reasonably expected to preserve records related to this Package Boiler project. Fluor needs to explain its efforts to preserve Mr. Showalter's records for the Package Boiler project (not some other litigation), and if it failed to make such efforts, it should so state. We note that Mr. Showalter was heavily involved at the start of the project.

c. Fluor provided no information about its document searches and review efforts. It merely quoted the requirements of the Agreed Order regarding the search of documents without providing any detail. In contrast, BAE OSI identified the general number of documents reviewed, the size of the team reviewing, and other critical details.

d. Fluor did not state whether or when it will complete its document production, what remains to be produced, or what further steps need to be taken.

2. Fluor stated during a meet-and-confer call during the week of May 23, 2022, that it planned to produce additional documents and suggested to BAE OSI that it would be necessary or advisable to defer the scheduled deposition of Mr. Mike Sipple. Fluor has yet to produce any such documents more than a month later. We expect pursuant to your promises that Fluor will produce the documents this week.

3. Fluor needs to prove that it preserved and produced custodial documents from James Stan and Jamie Nelson. The evidence is accumulating that Fluor failed to do either for either custodian. As you know, when confronted with the fact that Fluor originally produced zero records from these custodians, Fluor represented to Judge Ballou that these custodial documents were exact duplicates of other, produced records. The accumulating evidence suggest otherwise. First, following that representation to Judge Ballou, Fluor made a production of documents on May 13, 2022. In it, Fluor produced 7 James Stan custodial documents and 32 Jaimie Nelson custodial documents thereby contradicting Fluor's previous representation that all of these two custodians' documents were exact duplicates of the other custodians' documents. Then, on May 25, 2022, BAE OSI provided Fluor a list of James Stan emails that were in BAE OSI's productions that were not duplicates of other documents that Fluor produced. Fluor's June 9, 2022 response on this issue was also unavailing because it did not substantiate Fluor's contention that all of Mr. Stan's emails were exact duplicates of other custodians' emails. Accordingly, the almost complete lack of Stan and Nelson custodial emails remains unresolved and the mounting evidence suggests that Fluor has either not preserved or not collected emails from these two custodians. Faced with this mounting evidence, Fluor has nonetheless refused to provide any detail regarding its preservation and collection efforts for any of Fluor's personnel in response to the direct question posed in BAE OSI's Second Set of Interrogatories.

4. BAE OSI has not been able to identify a single physical document or notebook produced by Fluor in this litigation. Ms. Sickler testified that there were physical documents maintained in a "Subcontracts File Cabinet," yet these documents do not appear on Fluor's list of non-custodial sources. Instead, Fluor states that "Fluor maintains hard copy Project records that were submitted for archiving as the Project was closed out." Fluor does not indicate whether it located, preserved, searched, or produced these documents.

5. Fluor, despite affirmative statements indicating additional records likely exist made by Fluor witnesses during depositions, refuses to search its retained documents for 10 of the 12 named





custodians for any date after February 2018. This refusal is especially troublesome given that Fluor submitted updated PCNs in August 2019.

6. Based on our previous communications, it was BAE OSI's understanding that Fluor was processing documents received from the U.S. Army in response to a subpoena in this matter as of June 8, 2022, including new documents received that day. Your June 24 email suggests that these documents from the Army have not yet been received by Fluor but that once they are received, they will be provided to BAE OSI. Please confirm. As to your request about BAE OSI's Touhy Request, BAE OSI has not yet received documents from the Army in response to the same. As BAE OSI has previously stated, once it receives documents in response to the Touhy Request it will provide them to Fluor.

In connection with these continued deficiencies, BAE OSI asks for the following relief:

- BAE OSI requests that Fluor provide an updated and complete response to BAE OSI's Interrogatory 2 in BAE OSI's Second Set of Interrogatories. BAE OSI requests the updated responses by Tuesday, July 5, 2022. Included within this response, BAE OSI requests that Fluor detail the process by which Mr. Stan and Ms. Nelson's documents were collected and processed to explain the discrepancy between Fluor's representation that 100% of the documents de-duplicated out and the unexplained presence of James Stan and Jaime Nelson documents in Fluor's May 2022 production.

- BAE OSI requests the "all folder path" (or "all file path") showing (i) the folder path of the documents that de-duplicated for Mr. Stan and Ms. Nelson and (ii) the folder path for all custodial documents for Mr. Stan and Ms. Nelson that Fluor reviewed. This will allow BAE OSI to confirm the number of custodial documents for Stan and Nelson that Fluor reviewed, how many were produced by Fluor, and where the documents came from.

- BAE OSI requests that Fluor identify, by Wednesday, June 29, 2022, the amount of documents it expects to produce in addition to those already produced, referenced in the meet and confer calls during the week of May 23, and commit to producing the same by a date certain. BAE OSI requests that Fluor identify the soonest possible date these documents can be produced, but, in no circumstances, should they be produced more than seven days from the date of this letter, given that they have been processed by Fluor for a month since being cited as the reason to delay Mr. Sipple's deposition.

- BAE OSI requests that Fluor identify the time period for the other litigation holds that Mr. Showalter's records were subject to and the process used to preserve his data. For instance, were all of Mr. Showalter's records preserved or only a portion? If the latter, Fluor must explain how these other, unrelated litigation holds adequately preserved enough of Mr. Showalter's documents to warrant his designation as a "hub custodian" by Fluor.

- BAE OSI requests the Fluor confirm whether it located, preserved, searched and produced physical, non-custodial documents. If the answer is yes, please identify such documents by Bates Number.

- BAE OSI requests that Fluor search all of its custodians' documents for responsive records through the date of the Complaint. In the alternative, if Fluor maintains the February 2018 cutoff



date for 10 of its 12 custodians, BAE OSI shall also use that cutoff date for any additional files being produced due to our vendor error. Please advise which alternative Fluor would prefer.

- BAE OSI requests that Fluor immediately produce all native documents produced to Fluor by the U.S. Army. Fluor should also reissue its discovery responses by removing the Rentech documents and Army documents from its Bates stamping. These more than 20,000 documents, which Fluor erroneously refers to as "Fluor's production," are not from Fluor. Fluor also needs to produce third party records with identifiable Bates stamps separately from the Fluor Bates stamps.

In response to Fluor's specific concerns from its Letter, BAE OSI states as follows:

1. In response to Paragraphs 1 and 2 where Fluor accuses BAE OSI of not preserving Mr. Hendrick's emails:

   a. BAE OSI preserved Mr. Hendrick's custodial files, contrary to Fluor's accusations, and BAE OSI has produced more than 10,000 records from Mr. Hendrick. Fluor mis-interpreted the records and jumped to the wrong conclusion. As Fluor can see from the records provided, of the 10,976 documents from Mr. Hendrick provided to Fluor, 10,940 were produced from .pst files for Mr. Hendrick. This information is visible in the Folder Path field provided in the metadata. BAE OSI produced 552 documents from Mr. Hendrick's .psts where Mr. Hendrick was the Custodian, and the 10,424 documents where BAE was the Custodian. As explained, Mr. Hendrick's .pst files, as the project manager, were preserved in the shared project files identified in BAE OSI's non-custodial sources disclosure. When the documents were processed, because the shared files were given a BAE custodian name, documents that are actually from Mr. Hendrick's custodial files were labeled "BAE."[1]

      BAE OSI preserved and produced custodial documents for Mr. Hendrick and will be providing additional information to clearly designate documents taken from Mr. Hendrick's .pst files as his custodial files.

2. In response to Paragraph 3 where Fluor accuses BAE OSI of not preserving Ms. McGraw-Haffa's emails:

   a. BAE OSI preserved and produced records for Ms. McGraw-Haffa. BAE OSI never stated otherwise. Again, Fluor misconstrues the facts. At no time did BAE OSI name her a hub custodian nor affirmatively require Fluor to accept her documents despite not asking for

---

[1] Moreover, if Fluor were correct – which it is not – and the production of a small number of custodial documents with a custodian label is sufficient to entitle Fluor to additional custodians, Fluor would need to provide additional custodians for Mr. Stan (for whom Fluor produced 7 custodial documents, despite his being identified as a "hub custodian"), Ms. Nelson (for whom Fluor provided 32 custodial documents), and Mr. Showalter (for whom Fluor provided fewer custodial documents than BAE OSI provided for Mr. Hendrick, even without taking into account the 10,000+ documents provided from Mr. Hendrick's .psts).



them (in contrast to Fluor's actions with respect to Stephen Showalter).[2] We trust this resolves Fluor's concern about her records.

3. In response to Paragraph 4 where Fluor demands additional information concerning BAE OSI's vendor "search error":

   a. BAE OSI provided a comprehensive explanation of the status of our document production and the vendor error in our response letter dated June 23, 2022. In further response to your letter, we do not currently know which custodian records will be produced. However, as noted, BAE OSI will make the witnesses previously deposed available to be deposed regarding any new document production. Toward that end, BAE OSI is willing to review first the custodial documents located for the six witnesses Fluor has previously deposed so as to provide those documents earlier in the rolling production to facilitate the prompt re-deposition of said witnesses.

   b. It was Fluor's June 8, 2022 request and identification of an email from Stephen Torres that BAE OSI agreed was relevant and subject to production that led to us discovering the vendor error. Fluor identified this email to BAE OSI on June 8, 2022; BAE OSI investigated (as it had investigated all previous Fluor requests) and tasked its vendor with also investigating; and on June 13, 2022, BAE OSI's e-discovery vendor identified the error that resulted in the email not being produced and how many additional documents might be affected. BAE OSI immediately undertook the measures described in its letter of June 23, 2022, and in its June 16, 2022 interrogatory response to Fluor's Interrogatory 23(3), and began the process of reviewing these additional documents.

   c. As explained in our June 23 letter, while BAE OSI acknowledges that the searching and de-duping logic employed by its vendor was an inadvertent mistake that will result in the production of a significant number of documents, it is a mistake that can, and is, being fixed. Put simply, BAE OSI's discovery issue is due to a searching error and no documents were destroyed or lost. The problems that BAE OSI has identified with Fluor's discovery are of a different and more serious nature because they appear to involve Fluor's failure to either preserve documents, which cannot be fixed, or collect documents, which can be fixed but will take time. Illustrative of Fluor's problems is Fluor's representation that 100% of Mr. Stan and Ms. Nelson's emails "de-duplicated" out of the production set (which is contradicted by Fluor's production of several documents for Mr. Stan and Ms. Nelson in Fluor's as-yet still unexplained 8,000 document production on May 13, 2022). BAE OSI is attempting to understand whether the lack of Stan and Nelson custodian emails was a (i) searching error, (ii) collection error, or (iii) preservation error. To date, Fluor is refusing to investigate, or allow BAE OSI to investigate.

---

[2] Fluor included Stephen Showalter on its 26(a)(1) disclosure as a potential witness under Current and Former Fluor Employees on page 3 of its disclosures, more than two years after Mr. Showalter's death. Fluor then compounded this issue by forcing BAE OSI to accept Mr. Showalter as a replacement hub custodian despite 1) his only being a Fluor employee for five months after the contract was signed; 2) his not being subject to the Package Boiler litigation hold issued eight months after his departure; and 3) Fluor's knowledge that he had died before litigation was filed and would, therefore, be unavailable for deposition or cross-examination.





d. In contrast, BAE OSI investigated why the Torres email referenced by Fluor was not produced and informed Fluor and the Court as to the results of that investigation as soon BAE OSI understood the issue. As has been the case throughout this litigation, when Fluor raises a legitimate concern, BAE OSI addresses it, investigates it, and provides either a cure or an explanation. In contrast, Fluor refuses to answer questions or deflects by answering questions not asked, refuses to provide information, and accuses BAE OSI of harassment and bad faith for asking the questions.

4. In response to Paragraph 5 where Fluor accuses BAE OSI of failing to produce physical records:

   a. As soon as Fluor identified the issue with Mr. Dennis' documents, BAE OSI promptly addressed it and produced not just Mr. Dennis' documents but any other few remaining hard copy documents. Notably, there were only five documents for Mr. Dennis. In contrast, BAE OSI is not clear how many hard copy documents, and from whom, have been produced by Fluor in this matter, and has asked Fluor for clarification.

   b. BAE OSI has already produced all relevant, non-privileged documents related to this request and Fluor has identified no incurable prejudice related thereto, considering that BAE OSI has already agreed to make Mr. Dennis available for another deposition based on the five documents produced. Therefore, this issue is resolved.

5. In response to Paragraph 6 where Fluor accuses BAE OSI of failing to produce Rentech documents:

   a. BAE OSI has no control over what Rentech determined would be relevant to Fluor's discovery requests to Rentech, and the requests were not identical to the requests sent to BAE OSI. Furthermore, presumably Rentech did not agree to the search terms that BAE OSI and Fluor agreed to use to collect and review documents.

   b. To the extent Fluor was seeking an answer as to why certain documents produced by Rentech and, therefore, in Fluor's possession, were not produced by BAE OSI, the preceding answers those questions and resolves the issue. Just as importantly, there can be no prejudice to Fluor when Fluor already possessed the documents it is complaining about. This issue is resolved.

6. In response to Paragraph 7 where Fluor accuses BAE OSI of failing to produce records of payment received from BAE OSI by the Army:

   a. As explained, repeatedly, Fluor did not request the Army payment related documents. Moreover, they have no bearing on Fluor's allegations of BAE OSI's contractual breach.

   b. In any event, in order to amicably resolve this dispute, the relevant documents were produced on June 23, 2022. Therefore, this issue is resolved.

7. In response to Paragraph 8 where Fluor accuses BAE OSI of failing to produce documents related to BAE OSI's Certified Claim against the Army:





a. BAE OSI has produced relevant, non-privileged documents related to this claim, which, after the Court's dismissal of BAE OSI's declaratory judgment action, has no continued bearing on the instant matter. This issue is resolved from BAE OSI's perspective.

8. In response to Paragraph 9 relating to Fluor's allegations related to BAE OSI's litigation hold notices and updates thereto:

   a. This is another example of Fluor's misstatement of BAE OSI's statements and positions. The fines associated with the MACT compliance deadline levied by the VDEQ were, as stated in BAE OSI's Counterclaim, resolved by settlement in 2017 (in a Consent Order). As such, there was no longer any dispute with the VDEQ, meaning that this dispute was no longer a basis for preservation; but the Fluor dispute, obviously, remained a separate basis for preservation. The November 2019 litigation hold notice update referred to by Fluor was updated to take into account Fluor's suit against BAE OSI and was entirely covered by the previous instruction to preserve all records related to the Subcontract and the Project.

   b. Fluor asks this question without identifying, in any way, what Fluor instructed its employees to preserve or how those records were preserved. This is, as referenced above, just one of the myriad ways that Fluor's cursory response to BAE OSI's interrogatory regarding document preservation, collection, search, and production, is entirely insufficient.

   c. BAE OSI has answered Fluor's question and, therefore, this issue is resolved.

BAE OSI will be prepared to discuss the issues addressed in this letter at the meet-and-confer call on Wednesday.

Sincerely,

**Womble Bond Dickinson (US) LLP**

*/s/Todd Conley*

Todd Conley
Partner