IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **FLUOR FEDERAL SOLUTIONS, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:19-cv-698 |
| | ) |
| **BAE SYSTEMS ORDNANCE SYSTEMS, INC.,** | ) |
| | ) |
| Defendant. | ) |

## Opinion

Plaintiff Fluor Federal Solutions, LLC ("Fluor") seeks sanctions against defendant BAE Systems Ordnance Systems, Inc. ("BAE"), to recover the fees and costs of re-deposing five witnesses after BAE produced approximately eighty thousand documents mistakenly withheld due to an e-discovery vendor error. I decline to award sanctions, finding that that any prejudice to Fluor as a result of BAE's production error has been cured and additional sanctions are not warranted. Accordingly, the Motion for Sanctions and Request for Attorney's Fees is **DENIED.** Dkt. 106.

**I.      Relevant Background**

This complex construction case[1] involved voluminous document production, which the parties exchanged on a rolling basis throughout the discovery period. The parties' discovery exchanges were fraught with accusations and concerns on both sides, resulting in numerous discovery conferences with the court to address issues with document identification, preservation of documents, proper document custodians, document search procedures, and alleged document production deficiencies.

---

[1] The parties concluded a two-week bench trial on January 27, 2023, and are currently briefing post-trial issues.

On June 3, 2022, the court granted BAE's motion to amend the scheduling order and continued the discovery deadline from June 16, 2022, to September 16, 2022. Dkt. 70, 91 & 94. BAE discovered an error[2] on June 13, 2022 by its e-discovery vendor which caused an under-disclosure of a significant number of documents. BAE promptly notified Fluor of this error three days later. The court held an informal discovery conference regarding the vendor error and its implications and entered an order on July 14, 2022, requiring the rolling production of the newly discovered documents, with production to be completed by August 1, 2022. Dkt. 98. Thereafter, BAE produced over 79,000 additional documents, all within the August 1, 2022 deadline. As a result of BAE's supplemental production, Fluor re-deposed five fact witnesses. Fluor now seeks to recover the fees and costs it incurred to prepare for and take the five depositions, and the fees to prepare for and argue this motion for sanctions.

**II.     Analysis**

"Determining whether discovery sanctions are appropriate requires a three-step analysis of (1) whether a party violated a discovery order or Federal Rule of Civil Procedure; (2) whether the violation was 'harmless' or 'substantially justified;' and (3) which sanction is appropriate for the violation." Vir2us, Inc. v. Invincea, Inc., 235 F.Supp.3d 766, 772 (E.D. Va. 2017).

Rule 26 requires parties to timely disclose relevant information during discovery. Fed. R. Civ. P. 26.  "Under Rule 26(e), a party who has made a Rule 26(a) disclosure or responded to discovery must provide timely supplementation 'if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective

---

[2] BAE explains this vendor issue in detail in the Declaration of Jeffrey J. Golimowski attached to its memorandum in opposition. Dkt. 137-1.  In short, BAE's electronic discovery vendor, Consilio, LLC, mistakenly de-duplicated documents against its entire database, instead of using the specific environment with documents to be produced; thereby incorrectly excluding the documents from production as "duplicates."

information has not otherwise been made known to the other parties during the discovery process or in writing.' Fed. R. Civ. P. 26(e)(1)(A)." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 (4th Cir. 2014).

Rule 16(f) allows a court to impose sanctions if a party fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). A court may also "order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Additionally, a party that fails to properly provide information in discovery as required by the Federal Rules faces sanctions under Rule 37(c)(1), "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The determination of whether a discovery violation is justified or harmless is entrusted to the broad discretion of the district court. Bresler v. Wilmington Trust Co., 855 F.3d 178, 190 (4th Cir. 2017). The party facing sanctions bears the burden of establishing justifiability or harmlessness. S. States Rack and Fixture, Inc., v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003).

In Southern States, the Fourth Circuit identified a five-factor test to guide trial courts in determining appropriate sanctions to impose under Rule 37: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the discovery; and (5) the explanation of the non-disclosing party for its failure to provide the discovery. Id. at 597. The first four factors relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception. Bresler, 855 F.3d at 190.

Fluor argues that sanctions are appropriate under Rules 16(f) and 37(c) because BAE failed to supplement its document production in a "timely" manner and failed to have reasonable procedures in place to preserve and locate responsive documents. In support, Fluor emphasizes that it repeatedly warned BAE of deficiencies with BAE's document production in this case, including pointing out in a letter dated April 11, 2022, that Fluor had produced four times as many documents as BAE and identifying multiple custodians with low document counts. In response, BAE maintains that it was able to explain each deficiency and did not suspect any vendor discovery issues until June 8, 2022.[3]  BAE argues that sanctions are not appropriate under the circumstances because it "did not violate the court's scheduling order, the order specifically addressing the vendor error, or any other order that could justify the award of sanctions." D's Br. at 8, Dkt. 137. Specifically, BAE asserts that it did not violate a court order, as required for sanctions under Rule 16(f) because it produced the newly discovered documents within the deadline to complete discovery at the time the error was discovered (September 16, 2022), and within the deadline set by the court for production once the vendor error was discovered (August 1, 2022). BAE states that because its document production was completed over a month before the close of discovery, it cannot be considered untimely.

BAE further asserts that it did not violate the Rule 26(e) duty to supplement its discovery responses and production because it notified Fluor and the court of the production issue within days of the revelation and produced the missing documents well within the discovery period. Thus, BAE asserts that it did not violate a court order or rule of civil procedure

---

[3] BAE explains that "for each specific inquiry BAE was able to address Fluor's question based on documents that BAE had previously produced." Dkt. 137 at 12. "It was not until Fluor asked a question about a document it received in third party discovery, on the evening of June 8, 2022, that BAE discovered the inadvertent, but significant vendor error. … The document in question . . . should have been produced by BAE but was not produced for reasons BAE could not immediately explain." Id.

and should not be sanctioned under Rules 16 or 37. Fluor counters that the documents were within the "possession" of BAE, and they were not timely produced due to BAE's lack of diligence, unreasonable discovery procedures, and ignoring Fluor's warnings. Fluor maintains that the supplemental production of the documents after discovery of the vendor error was untimely.

I agree with Fluor that the eighty thousand documents mistakenly withheld due to BAE's vendor error and produced between June and August 2022 were not timely disclosed. BAE would have produced these documents earlier in litigation, but for the vendor de-duplication error. Indeed, BAE acknowledges that the documents at issue were improperly identified as duplications by its vendor, and thus were not produced in BAE's regular document production. Ultimately, the vendor error is BAE's error and the late document supplementation, although within the discovery deadline, was untimely.[4]

However, applying the Southern States five-factor test to determine the appropriate sanction under Rule 37(c), I do not find additional sanctions warranted. While the document production resulting from the vendor error was a surprise to Fluor, BAE immediately notified Fluor of the error, cured any surprise by producing the documents within the deadline set by the court, and allowed Fluor to re-depose necessary witnesses. Fluor received the documents within the discovery period and the additional evidence did not disrupt any motions deadlines or the trial date. See M.D. Russell Constr., Inc. v. Consol. Staffing, Inc., No. 7:19cv221, 2022 WL 857041, at *4 (E.D.N.C. March 22, 2022) (applying the five-factor test, finding that the factors weigh in favor of the offending party and declining to award sanctions). Fluor does not argue (and cannot) that the late production impacted its ability to fully prosecute its case at trial.

---

[4] I do not find that BAE failed to obey a scheduling or other pretrial order, and will not analyze sanctions under Rule 16(f).

Additionally, BAE's actions after recognizing the vendor error follow the mandate of Rule 26(e) – BAE promptly notified Fluor and the court of the mistake, provided timely document supplementation, and agreed to the re-deposition of the witnesses identified by Fluor – the precise sanction I could have and would have imposed because of the late production. Imposing sanctions in this situation would only serve to discourage parties from disclosing and addressing discovery errors in the future. The intent of the Federal Rules of Civil Procedure is for parties to immediately address and deal with mistakes or errors in document production, not to punish parties when they promptly inform the opposing party and the court of a disclosure error. Rule 1 requires the court and the parties "to secure the just, speedy, and inexpensive" resolution of actions. Fed. R. Civ. P. 1. Additional sanctions in this situation neither meet the spirit of Rule 1 nor satisfy any need to sanction BAE beyond those it self-imposed. Accordingly, I decline to impose any additional sanctions on BAE relating to the vendor error, and Fluor's Motion for Sanctions and Request for Attorney's Fees (Dkt. 106) is **DENIED**.

It is so **ORDERED**.

Entered: February 7, 2023

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge