CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

July 11, 2025

LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FLUOR FEDERAL SOLUTIONS, LLC,                )
                                             )
    Plaintiff / Counterclaim Defendant,      )
                                             )
v.                                           )   Civil Action No. 7:19-cv-00698
                                             )
BAE SYSTEMS ORDNANCE SYSTEMS,                )   By: Elizabeth K. Dillon
INC.,                                        )       Chief United States District Judge
                                             )
    Defendant / Counterclaim Plaintiff.      )

**MEMORANDUM OPINION AND ORDER**

By opinion and order entered on October 30, 2024, the court issued its findings of fact and conclusions of law in this matter, entering judgment in favor of plaintiff Fluor Federal Solutions, LLC ("Fluor") on both its breach-of-contract claim and on the counterclaims of BAE Systems Ordnance Systems, Inc. ("BAE"). (Dkt. Nos. 238, 239.) BAE appealed, and its appeal remains pending before the Fourth Circuit. *Fluor Fed. Solutions, LLC v. BAE Sys. Ordnance Sys., Inc.*, Case No. 24-2168 (4th Cir.). Pending before the court and addressed herein is a motion by BAE asking to stay enforcement of the court's final order pending appeal, given that it has obtained a bond in the amount requested by Fluor in post-judgment communications. (Dkt. No. 247.)

The motion is fully briefed (Dkt. Nos. 249, 250), and it is ripe for disposition. For the reasons set forth herein, the motion will be granted.

I.  BACKGROUND

On November 13, 2024, Fluor submitted a bill of costs. One week later, BAE filed its notice of appeal. Shortly thereafter, BAE and Fluor engaged in discussions about whether Fluor would agree to a consent motion to stay enforcement of the court's judgment by BAE providing

a bond.  Fluor would not agree to join the motion to stay, and the parties disputed the proper

amount of any such bond.  Nonetheless, BAE executed a supersedeas bond with surety Atlantic

Specialty Insurance Company in the amount requested by Fluor.  (Dkt. No. 247-2 (copy of

bond).)  In its motion, BAE argues that it is entitled to a stay of the enforcement of the judgment

as a "matter of right."  (Mot. 3–4, Dkt. No. 247 (quoting *Am. Mfrs. Mut. Ins. Co. v. Am. Broad-*

*Paramount Theatres, Inc.*, 1 Rapp 381, 382 (1966) (Harlan, J., in chambers)).)  Among other

authority, BAE relies upon Federal Rule of Civil Procedure 62(b).[1]

Fluor does not directly oppose a stay of enforcement proceedings in light of the bond.

Instead, it points out that there are three outstanding issues that it contends the court should rule

on—in the interest of judicial economy—"now, before an appeal, so that they may be

consolidated and resolved with the appeal."  (Opp'n 2, Dkt. No. 25 (citation omitted).)  It thus

opposes any stay that would preclude the court from ruling on those issues; instead, it asks the

court to rule on those disputed issues now.

Fluor first requests that the court rule on Fluor's bill of costs before ruling on BAE's

motion.  It contends that staying proceedings entirely—and consequently deferring a ruling on

the bill of costs until after appeal—could result in piecemeal appeals by requiring one appeal on

the merits of the case now, and a second appeal from any order concerning the bill of costs.

BAE has not filed a direct response to the bill of costs or challenged any specific costs; it instead

filed its motion to stay.  But BAE points out in its motion to stay and its reply that the verdict

here was mixed, and it contends that Fluor is not a prevailing party entitled to costs.  (BAE Reply

3–6, Dkt. No. 250.)  It acknowledges the verdict in Fluor's favor, but also points out that a pre-

---

[1] The text of Rule 62(b) previously appeared at Rule 62(d), so some older case law references the prior subsection.  Rule 62(b) states: "At any time after judgment is entered, a party may obtain a stay by providing a bond ore other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

trial winnowing of the case resulted in the dismissal of all but one of Fluor's counts and that the court, prior to trial, held unrecoverable $6 million of the approximately $20 million Fluor sought as damages. Thus, BAE contends it prevailed on both the greater number of counts and limited significantly Fluor's recovery. (Reply 3–6.) It also posits that if there is a partial or full reversal on appeal, then the parties and this court would have wasted their time by briefing and ruling on the bill of costs. (Reply 6.)

The second issue Fluor identifies as outstanding is the parties' dispute about whether prejudgment interest is compounded annually. (Opp'n 1.) Fluor contends that it should be. BAE insists that simple prejudgment interest—pursuant to Virginia statute and the parties' contract—is the proper type of interest, not compound interest.

Third, Fluor argues that the court should rule on whether post-judgment interest continues to accrue despite any stay. Notably, though, BAE does not dispute that post-judgment interest will continue to accrue. (Reply 2, Dkt. No. 250.) Thus, the issue of the post-judgment interest is not disputed and requires no further discussion.

## II. DISCUSSSION

### A. Issues Before the Court

At the outset, the court notes some confusion over precisely what BAE seeks in its motion. Although the first page of its motion refers to a "stay of proceedings," (Mot. 1), its reasoning, authority, and its proposed order all refer to a stay of enforcement of the judgment, not a stay the proceedings in their entirety. (Mot. 1, ¶ 4; *id.* at 3, 4; *see also* Proposed Order, Dkt. No. 247-3.) Thus, the court treats BAE's motion as one seeking only enforcement a stay of the enforcement of the judgment.

Nonetheless, it is clear that Fluor is requesting a ruling on its bill of costs before entry of

any stay, and BAE opposes that relief, arguing that the bill of costs should not be addressed while the appeal is pending.[2]  Because it has been raised and addressed by both parties, the court also addresses whether it should rule first or contemporaneously on the bill of costs and on the disputed issue of whether prejudgment interest should be annually compounded.

## B.  Motion to Stay Enforcement of the Judgment

BAE insists that it is entitled to a stay of enforcement of the judgment "as of right."  As it notes, Fluor does not oppose the stay; it simply requests a ruling on what it deems outstanding issues, including its bill of costs.  (*Id.* at 2.)  But, as alluded to in Section II-A *supra*,  the two are not mutually exclusive.  The court could *both* stay enforcement of the judgment in light of BAE's bond *and* issue a ruling on the bill of costs.  A stay of *enforcement* does not mean that the court cannot rule on other issues before the court, only a stay of the case or of all proceedings would prevent the court from issuing rulings.

As to the stay request, and having reviewed the arguments of the parties and authority they cite, the court concludes that a stay of enforcement of the judgment is proper and appropriate.  Indeed, Fluor has not offered any argument to the contrary.  Accordingly, pursuant to Federal Rule of Civil Procedure 62(b), the court will grant BAE's motion, approve BAE's bond and stay enforcement of the judgment pending conclusion of the appeal and issuance of the appellate court's mandate.

## C.  Timing of Decision on Bill of Costs

The court addresses next whether it can or should also rule on the bill of costs now, as

---

[2]  On this issue, and in addition to the other arguments discussed in the text, BAE argues that Fluor's "Bill of Costs is not before the Court on BAE's Motion.  If and when Fluor places it before the Court on its own motion, the Court should defer a decision until after the appeal concludes." (Reply 6, Dkt. No. 250.)  The court disagrees that the bill of costs is not before it.  Generally, a bill of costs is a document that the court could act upon, after giving an opportunity to object.  This court does not require a separate motion to ask for a ruling on the bill of costs, and BAE does not cite any authority for that proposition.

Fluor urges, or should wait until the conclusion of the appeal, as BAE suggests.  In support of its position, Fluor cites to several unpublished decisions from this court stating that: (1) immediate taxing of costs serves judicial economy by permitting the consolidation of pending appeals; and (2) a court declining to rule on a bill of costs at the "customary stage" must provide a "valid reason."  (Opp'n 2–4 (citing and discussing *Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, No. 6:12-CV-00023, 2015 WL 1417058, at *2 (W.D. Va. Mar. 27, 2015), and *McLaurin v. Liberty Univ.*, No. 6:21CV00038, 2022 WL 16954830, at *3 (W.D. Va. Sept. 16, 2022), *report and recommendation adopted*, No. 6:21CV00038, 2022 WL 16953656 (W.D. Va. Nov. 15, 2022).

As Fluor notes and BAE does not dispute, the appeal does not deprive this court of jurisdiction to decide the bill of costs.  *Hanwha Azdel, Inc.*, 2015 WL 1417058, at *2; *Singleton v. Dep't of Corr. Ed.*, No. 1:03CV00004, 2003 WL 2299039, at *1 (W.D. Va. Oct. 3, 2003).  *See also Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1330–31 (4th Cir. 1987) (holding same as to attorneys' fees).  But the court will decline to require briefing and rule at this time on the bill of costs and instead will wait until the conclusion of that appeal.  To the extent the court is required to give a valid reason for deferring ruling on the bill of costs, the court concludes that there are several reasons for doing so here.

First, this case involved a lengthy trial, a lengthy record, many issues, and the rulings on at least some of those issues were close.  Thus, while the court believes it properly resolved all the claims, it is certainly possible that the Fourth Circuit will disagree.  In the event that occurs, BAE is correct that the status of Fluor as a prevailing party could change, in which case it might not be entitled to costs.  Although that is always true in any case, the particularly close nature of the decisions at issue here, as well as the density of the record and the fact that the appeal involves evidentiary challenges, among others, warrant extra caution.

5

Second and relatedly, any disputes over the bill of costs are not yet fully briefed, as BAE has not filed any objections to the bill of costs, apparently choosing instead to file its motion for stay. Further, given the court's own delay in ruling on the motion to stay and bill of costs—which are not the fault of either party—the appeal is further along at this point than the issue of the bill of costs. In the appeal, the parties have already filed their briefs. *See generally Fluor Fed. Solutions, LLC v. BAE Sys. Ordnance Sys., Inc.*, Case No. 24-2168 (4th Cir.) Here, by contrast, the bill of costs was filed, but no opposition has yet been filed. Thus, judicial economy at this point favors awaiting an appellate decision, which could affect both whether, and to the extent which, Fluor is a prevailing party. Put differently, at this point, piecemeal appeals—or at least piecemeal briefing in the current appeal—would result from a ruling, rather than from waiting until the conclusion of the appeal to issue a ruling. And judicial economy would not be served by the potential of two rulings on the bill of costs, one before and one after appeal.

**D. Determination of proper amount of prejudgment interest**

As noted, the parties also disagree about the method for calculating prejudgment interest in the case. Fluor contends that interest should be compounded annually. For support, it points to the principle that prejudgment interest is designed to make a party whole. BAE argues that prejudgment interest should not be compounded but instead calculated as simple interest. It notes that the parties' contract does not provide for compound interest but instead "flows down" to Fluor, effectively incorporating Federal Acquisition Regulation ("FAR") § 52.232-17(2014). That provision states that amounts payable by the Contractor to the Government "shall bear simple interest from the date due until paid unless paid within 30 days of becoming due." (Reply 7–8 (quoting Subcontract, att. G at 13 (flowing down FAR § 52.232-17)).) BAE argues, however, that it is both "premature and unnecessary for the Court to rule on whether compound

6

or simple prejudgment interest is required." (Reply 8.)

Compared to the bill of costs, it is less clear that this court even *could* exercise jurisdiction to address the issue of how prejudgment interest should be calculated. *Cf. Mtn. Valley Pipeline, LLC v. 8.37 Acres of Land by Terry*, 101 F. 4th 350, 360–61 (2024) (explaining that a district court retains jurisdiction to decide certain issues (like attorney's fees) only if that issue is "separate from the merits of the appeal"). Where a district court is being asked to deal squarely with an "aspect of the case" that is on appeal, the court has no jurisdiction to do so. *Id.* Here, the appeal raises a number of questions, including the court's determination of both liability and the measure of damages. To the extent that the measure of damages would be affected by a ruling on the proper calculation of prejudgment interest, that ruling could interfere with an aspect of the case on appeal. *But cf. Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994) (describing a case in which the appellate court *remanded* a case to the district court to allow it to specify the starting date of interest, which suggests that jurisdiction was lacking absent remand, but holding that the task of calculating already-ordered interest or deciding the date interest began to accrue, was not an alteration of the judgment implicating Federal Rule of Civil Procedure 59(e)). Thus, the court questions whether it even has jurisdiction to address the issue while the case is on appeal.

In any event, even if the court had jurisdiction to determine this issue, it would defer ruling for at least one of the same reasons that it declines to rule on the bill of costs at this time. At this point, the appeal has been fully briefed and issuing a ruling now would only serve to complicate that appeal or require supplemental briefing to address that issue in the appellate court. Thus, no conservation of judicial resources (or the parties' resources) would occur.

Additionally, the bond itself does not raise that issue because BAE's bond adopted

Fluor's calculation, which included compounded prejudgment interest. Furthermore, as BAE notes, there is no pending motion before this court asking for such a determination. Accordingly, the court declines to address this issue at this time.

III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that:

1.  BAE's supersedeas bond, a copy of which is in the record at Dkt. No. 247-2, is hereby ACCEPTED as an adequate bond under Federal Rule of Civil Procedure 62(b);

2.  BAE's motion for stay of enforcement of the judgment (Dkt. No. 247) is GRANTED pending the conclusion of the appeal and the appellate court's issuance of the mandate; and

3.   To the extent Fluor requests other relief in its response to BAE's motion, any such requests are DENIED WITHOUT PREJUDICE. Upon conclusion of direct appeals, and if appropriate, Fluor may request briefing on its bill of costs and may file any motion regarding the proper calculation of prejudgment interest.

The Clerk is DIRECTED to provide copies of this memorandum opinion and order to all counsel of record.

Entered: July 11, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge